## REMUS v. GARVER

Ohio Appeals, 1st Dist, Hamilton Co

No. 3621. Decided January 13, 1929

Messrs. Thos. D. Slattery and Anthony B. Dunlap, Cincinnati, for Remus.

Messrs. Alfred G. Allen and Pogue, Hoffheimer & Pogue, for Garver.

JUDGES WILLIAMS, LLOYD & RICHARDS (6th Dist) sitting.

## BY THE COURT

We have no difficulty in concluding that the finding of the court of common pleas is correct as to the character and purpose of the conveyance made by plaintiff to the defendant and that the plaintiff was consulted and assented to the sale of the property by the defendant. The only other

question involved is as to what sum should be awarded to the defendant for the services which he performed in behalf of the plaintiff. Defendant's statement of the services claimed to have been rendered by him covers a period of time from January, 1923 to and including part of January, 1929. This statement and the testimony of defendant relates to numerous conferences, many trips to other cities and services generally involving large sums as to the affairs of Remus and litigation in which it is claimed he was interested. The statement of services presented by defendant; and as to which he testified, covers about 30 typewritten pages of single spaced items. The evidence shows a conflict of opinion as to the value of the services of defendant, and the value of professional services being relative, depending largely upon the judgment and belief of the expert testifying, we think in this case, as in most others of similar character, the true value is somewhere between the conflicting values given. After as careful an examination as we have been able to give to the question in controversy, we are of opinion that there should be awarded to the defendant as fees for services rendered by him to plaintiff an amount somewhat in excess of that fixed by the court of common pleas, and we therefore find that $24,000.00 represents the reasonable value of the professional services rendered by defendant to plaintiff. Otherwise the findings, decree and judgment of the court of common pleas are approved and adopted, and an entry may be prepared accordingly.

Williams, Lloyd and Richards, JJ., concur.